# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA PONDS, | Case No. 12-cv-1745 BEN(BGS) |
| Plaintiff, | **ORDER GRANTING UNITED STATES' MOTION TO SUBSTITUTE; GRANTING MOTION TO DISMISS CLAIMS 1, 2, AND 3; AND DENYING PLAINTIFF'S MOTION TO REMAND** |
| vs. | |
| | |
| VETERANS MEDICAL RESEARCH FOUNDATION aka MEDICAL RESEARCH FOUNDATION OF SAN DIEGO ; UNITED STATES OF AMERICA; AND DOES 1-40, inclusive, | **[Dkt. Nos. 2, 3, and 6]** |
| Defendants. | |

Currently before the Court is the United States' Motion to Substitute and Motion to Dismiss, and Plaintiff's Motion to Remand.  For the reasons stated below, the United States is substituted for Defendant Dr. Martina Buck; Claims 1, 2, and 3 against the United States are dismissed; and Plaintiff's Motion to Remand is denied.

## I.  BACKGROUND

Plaintiff Debra Ponds has a Ph.D in molecular biology and alleges she was hired to conduct laboratory research by Dr. Martina Buck for the Veterans Medical Research Foundation ("VMRF") in San Diego, California.  Plaintiff alleges that Buck offered Plaintiff a position as a laboratory technician in January 2011, and promised to promote her to a post-doctoral position following grant funding.

Plaintiff alleges that based on Buck's representations, Plaintiff forwent other post-graduate opportunities and moved from New Mexico to San Diego to join VMRF. Plaintiff alleges that when grant funding was received in May 2011, Buck did not promote Plaintiff to the post-doctoral position that was promised.  Plaintiff alleges that Buck's misrepresentations cost her other opportunities, job advancement, and a higher salary.  Plaintiff alleges that the action of Buck and the Defendants also caused her emotional and physical distress.

On March 2, 2012, Plaintiff filed suit in the California Superior Court seeking relief against Buck and VMRF and asserting six claims for relief under state law: (1) Violation of California Labor Code § 970; (2) Intentional Misrepresentation; (3) Negligent Misrepresentation; (4) Breach of Contract; (5) California Tort Cause of Action for Wrongful Adverse Action in Violation of Public Policies; and (6) Violation of the California Labor Code, Including § 201.

On July 16, 2012, the United States Attorney General's designee certified that Buck was an employee of the Department of Veterans Affairs ("VA") and was acting within the scope of her employment with respect to the incidents alleged in Plaintiff's Complaint.  Following the certification, the United States moved to substitute itself for Dr. Buck as a defendant and removed the case from state court. Claims 1, 2, and 3 of the Complaint were directed at Dr. Buck and VMRF and are now directed at the United States and VMRF.  The United States asserts that it has not waived its sovereign immunity as to these three claims and there is no subject matter jurisdiction.  Consequently, the United States moves to dismiss Claims 1, 2, and 3, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

In her Opposition to the Motion to Dismiss, Plaintiff argues that the certification by the Attorney General is invalid because it fails to clearly state how the alleged torts were committed within the scope of Buck's employment and that intentional torts are usually deemed to be outside of the scope of employment. Plaintiff also argues that the certification is invalid because it is silent on the issue of

Buck's precise position with the federal government.  Plaintiff surmises that there are questions of fact as to whether or not Buck was acting within the scope of her employment with the federal government when she committed the alleged torts.

## II.  DISCUSSION

The United States makes three arguments in support of its motions to substitute and dismiss.  First, it contends that the Federal Tort Claims Act ("FTCA") governs this action and the United States is a properly substituted party since Buck was acting within the scope of her employment when the alleged torts occurred. Second, the United States contends that the court lacks subject matter jurisdiction because plaintiff did not exhaust her administrative remedies before instituting this action.  Finally, the United States asserts a lack of subject matter jurisdiction on the separate ground that plaintiff alleges torts barred under sovereign immunity and the United States has not waived its immunity for misrepresentation claims.

In response, Plaintiff contends that the United States was not properly substituted for defendant Buck and that the FTCA does not govern this action. Plaintiff claims the certification by the United States Attorney fails to address how the Court lacks subject matter jurisdiction over VMRF and only focuses on Buck, not the nature of Buck's employment at VMRF.  Plaintiff also claims the FTCA does not apply because Buck was not acting within the scope of her federal employment at the time of the alleged incident.  Accordingly, Plaintiff argues that the dismissal of Buck for lack of subject matter jurisdiction would be improper.

### A.  Review of Scope of Employment Certification

A certification by the United States is not conclusive for the purpose of substitution.  *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995).   But a certification is *prima facie* evidence that a federal employee is acting in the scope of her employment.  *Pauly v. U.S. Dept. of Agri*., 348 F.3d 1143, 1151 (9th Cir. 2003). A district court may review the certification of the United States that a federal employee was acting within the scope of his employment.  *Lamagno*, 515 U.S. at

420; *Meridian v. Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991). The party seeking review of the certification "bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). "The United States remains the named federal defendant 'unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment.'" *Jackson v. Tate*, 648 F.3d 729, 736 (9th Cir. 2011) (quoting *Osborn v. Haley*, 549 U.S. 225, 231 (2007)) (emphasis in original). Faced with a challenge to the scope of employment certification, a district court is authorized but not required to conduct an evidentiary hearing and resolve disputed factual questions. *Pelletier v. Fed. Home Loan Bank*, 968 F.2d 865, 874 (9th Cir. 1992).

### 1. Certification as a Federal Employee

The plaintiff bears the burden to demonstrate that an employee's tortious act was committed outside the scope of her employment. *Jackson*, 648 F.3d at 735. The Certification of Scope of Employment provided by the United States Attorney states:

> On the basis of the information now available, I hereby find and certify that Martina Buck, an individually named Defendant, was acting within the scope of her employment as an employee of the Department of Veterans Affairs with respect to the incidents alleged in Plaintiff's complaint. Accordingly, pursuant to 28 U.S.C. § 2679(d), the tort claims alleged in the complaint against Buck are deemed to have been brought against the United States under the provisions of the Federal Tort Claims Act.

(United States of America's Notice of Lodgment in Support of Removal of a Civil Action ¶ 21.) In her opposition, Plaintiff claims that the certification is silent on the issue of Buck's specific position within the federal government. But Plaintiff cites no case holding that a certification lacking specificity is invalid. In fact, the Supreme Court notes that it is "customary [that] the certification stated no reasons for the determination." *Osborn*, 549 U.S. at 233. Plaintiff also claims that Buck is not immune to the extent that she is an employee of VMRF and that if Buck is a

Department of Veterans Affairs employee, it is one of several jobs Buck currently holds. Even if Plaintiff is correct, these arguments do not diminish the effect of the certification that Buck is immune for her acts while within the scope of her VA employment.

To try to meet her burden of challenging the certification, Plaintiff offers two exhibits. The first exhibit is a screen shot[1] of a website from the Center to Reduce Cancer Health Disparities spotlighting Buck as the recipient of a grant for drug research to reverse liver damage. The website discusses Buck's research hypothesis as well as some of Buck's personal history. The web page does not mention where Buck is employed and mainly concerns Buck's research and writings in scientific and medical publications. The second exhibit is another internet screen shot from the Veterans Medical Research Foundation website that lists Buck as a medical researcher in gastroenterology. The screen shot has no other information concerning Buck's role at VMRF or the VA. Plaintiff says these screen shots suggest a legitimate question of fact as to whether Buck was acting within the scope of her employment as a federal employee when she committed the alleged torts. Even a legitimate question, if left unanswered by evidence, will not satisfy a plaintiff's burden of proving the certification is erroneous.

---

[1] Screen shots of internet web pages are not usually admissible to prove the truth of statements contained therein. Federal Rule of Evidence 201(b) explains that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Judicial notice is proper only when the matter is "beyond reasonable controversy." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (quoting Fed. R. Evid. 201 advisory committee note). Screen shots of web pages, especially because of the ever-changing content, are not typically the type of document containing facts, the accuracy of which is capable of ready determination. *See e.g.*, *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1167-68 (S.D. Cal. 2010) (Anello, J.) (declining to take judicial notice of changing web screen shots); *Ferrington v. McAfee, Inc.*, Case No. 10-cv-1455, 2010 U.S. Dist. LEXIS 106600, at *10 (N.D. Cal. Oct. 5, 2010) (declining to take judicial notice of changing web screen shots provided by defendant); *but see Kenneally v. Bank of N.S.*, 711 F. Supp. 2d 1174, 1183 (S.D. Cal. 2010) (Hayes, J.) (taking judicial notice of unchallenged material on website run by U.S. Department of Housing and Urban Development regarding property owner's registration under the Land Sales Act). Even if these screen shots were admissible, Plaintiff would not have met her burden of proof.

Plaintiff has failed to meet her burden of disproving the scope of employment by a preponderance of the evidence.[2]  The United States Attorney's certification of Buck as an employee of the VA is *prima facie* evidence that Buck was an employee of the VA acting within the scope of her employment at the time of the alleged torts took place.  Therefore, the motion to substitute as a defendant the United States in the place of Buck is granted.

## 2. Outside the Scope of Employment

In addition to challenging Buck's employment with the federal government, Plaintiff claims Buck's alleged tortious actions took place outside the scope of her employment with the federal government.  Plaintiff asserts that Buck used intentional and negligent misrepresentations to induce Plaintiff into moving to San Diego for the purpose of employment.  Plaintiff also alleges that Buck repeatedly harassed, berated, and treated her poorly.  Plaintiff argues that intentional torts such as misrepresentation are usually outside the scope of employment so the certification in this case cannot be valid.  It bears repeating that Plaintiff bears the burden of

---

[2] "[S]cope of employment determinations are made 'according to the principles of respondeat superior of the state in which the alleged tort occurred.'" *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (citing *Pelletier*, 968 F.2d at 876.  In this case, the alleged torts took place in San Diego, California, so California law applies.

In determining vicarious liability, the question is whether the risk is one that may fairly be regarded as typical of or broadly incidental to the employer's enterprise.  *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 968 (1986).  The California Supreme Court, applying its state tort claims act, has stated that "the scope of employment has been interpreted broadly under the respondeat superior doctrine." *Farmers Ins. Group v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1003 (1995) (citing *Perez*, 41 Cal.3d at 968).  Foreseeability suffices for conduct to be within the scope if it "is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Farmers Ins.*, 11 Cal. 4th at 1004.  Even "willful and malicious torts of an employee" can be within the scope of his employment, and that may be so even where the employee's torts violate the employer's express rules and confer no benefit on the employer. *Id.*  Liability fails to attach only when an employee "substantially departs from his duties for purely personal reasons." *Drake*, 87 F.3d at 1077 (quoting *John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438 (1989)).  An employer may be liable for an employee's intentional tort if there is a causal nexus to the employee's work. *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 298 (1995).  In order to satisfy this nexus requirement, the tortious activity "must be an outgrowth of the employment; the risk of tortious injury must be inherent in the working environment or typical of or broadly incidental to the enterprise [the employer] has undertaken." *Id.*  (internal citations omitted).

overcoming the certification by the Attorney General that Buck was, in fact, acting within the scope of her employment. *See Hall*, 8 F3d at 698. Once again, she has not overcome the certification.

Therefore, because of the certification that Buck was acting within the scope of her employment, pursuant to 28 U.S.C. § 2679(d), this action was properly removed to federal court and the United States was rightly substituted in place of Defendant Martina Buck.

## B. FTCA Provisions

"The United States is immune from suit unless it consents to waive its sovereign immunity." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) (citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities. *Hodge*, 107 F.3d at 707. The FTCA designates the federal courts as the forum for

> claims against the United States, for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). A federal employee is immune from suit when he acts "within the scope of his office or employment at the time of the incident out of which the claim arose." *Osborn*, 549 U.S. at 247 (quoting 28 U.S.C. § 2679(d)(1)). To invoke qualified immunity, the United States typically files a certification that the employee was acting within the scope of his employment, necessitating the substitution of the United States as a defendant in place of the employee. 28 U.S.C. § 2679(d)(1). Upon certification, any civil action filed in a state court is removed to the District Court and the action is deemed an action against the United States. § 2679(d)(2). This is what happened in this case.

12cv1745

### C.  Exhaustion of Administrative Remedies

In finding that the United States of America has rightly been made a party to the case, a court must determine whether the United States is immune from suit.  The FTCA provides an avenue for suit against the United States for torts of a federal employee where the employee was "acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1); *Wilson v. Drake*, 87 F.3d 1073, 1076 (1996). Nevertheless, § 2680(h) specifically excepts from the United States' immunity waiver "[a]ny claim arising out of . . . misrepresentations, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  "Section 2680(h)'s exceptions are jurisdictional in nature." *Meridian*, 939 F.2d at 743.  Plaintiff's Claims 1, 2, and 3 all allege misrepresentation about an employment contract by defendant Buck, who was acting while employed by the United States.  Since Buck was acting within the scope of her federal employment, the district court lacks subject matter jurisdiction over Plaintiff's suit pursuant to § 2680(h).

Moreover, even if the claims were permitted to be brought against the United States, 28 U.S.C. § 2675(a) requires a claimant in an FTCA action to first file an administrative claim with the appropriate federal agency.  The plaintiff must either receive a conclusive denial of the claim from the agency, or wait at least six months. *See Meridian*, 939 F.2d at 743.

There is nothing in the record to indicate that Plaintiff has filed an administrative claim with any federal agency.  Plaintiff argues that she was not required to engage in the administrative procedure proscribed by the FTCA because she did not plead a negligence cause of action against the government or a government employee.  Because this Court has found that the United States was rightly substituted for Buck, Plaintiff's claims are, in effect, made against the U.S. Government.  Therefore, since Plaintiff has not exhausted her administrative remedies pursuant to § 2675(a), even if her claims could otherwise proceed, this Court lacks subject matter jurisdiction.

12cv1745

### D.  Remand to State Court

Normally, when all federal claims are dismissed in an action that also presents state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. §1367.  A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009) (citations omitted).

Here, the claims against the United States are being dismissed.  The only remaining claims are state law claims against VMRF.  Plaintiff moves to remand the case back to state court, asserting the remaining parties are non-diverse.  Usually, such a motion would be granted.  However, when a case is removed based upon the Attorney General's Westfall Act certification (as it is in this case), 28 U.S.C. § 2679(d)(2) "renders the federal court exclusively competent and categorically precludes a remand to state court."  *Osborn*, 549 U.S. at 243.  "[T]here is nothing equivocal about the Act's provision that once a state court action has been removed to a federal court after certification by the Attorney General, it may never be remanded to the state system."  *Lamagno*, 515 U.S. at 440 (Souter, J., dissenting).  And although what remains of this case may be only state law claims between non-diverse parties, "the Westfall Act's command that a district court retain jurisdiction over a case removed pursuant to § 2679(d)(2) does not run afoul of Article III."  *Osborn*, 549 U.S. at 245.  Therefore, Plaintiff's motion to remand is denied.

### III.  CONCLUSION

The United States is substituted for Defendant Buck and Claims 1, 2, and 3 against the United States are dismissed.  Plaintiff's motion to remand is denied.

**IT IS SO ORDERED.**

DATED:  February 15, 2013

_____
Hon. Roger T. Benitez
United States District Judge